UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                              :
SULTAN AL-ANESI,
                                                              :
                    Plaintiff,                                        ORDER
                                                              :
        -v.-
                                                              :     18 Civ. 8439 (LAK) (GWG)

CITY OF NEW YORK et al.,                                      :

                    Defendants.                               :
---------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

        In what began as a motion to amend and a motion to extend discovery, plaintiff Sultan
Al-Anesi now seeks only to reopen discovery.[1]  For the reasons stated below, plaintiff's
application is denied.

        Background

        The original complaint in this action alleged that the New York City Police Department
("NYPD") and several of its officers used excessive force to arrest Al-Anesi on June 20, 2017.
See Complaint, filed September 17, 2018 (Docket # 1).  Al-Anesi named as defendants the
NYPD, the City of New York, and NYPD Officers Justin McKnight and Glenn O'Heir.  See
First Amended Complaint, filed January 8, 2020 (Docket # 18).  Fact discovery was originally
scheduled to conclude on January 8, 2020.  (Docket # 16).  At Al-Anesi's request, it was
extended until April 10, 2020.  (Docket # 21).  The parties submitted a joint request to extend
discovery to July 9, 2020, which was granted.  (Docket # 26).  Discovery was thereafter extended
to October 7, 2020 (Docket # 31), then January 5, 2021 (Docket # 35), then February 4, 2021
(Docket # 37).

        Defendants filed a motion for summary judgment on March 19, 2021.  (Docket # 44).  In
response, plaintiff filed a motion "for leave to file an amended complaint and for an extension of
time for discovery."  (Docket # 50).  The Court then issued an order deeming the motion for

---

[1]  See Al-Anesi's Motion to Amend/Correct Amended Complaint and for Extension of Time to
Complete Discovery, dated June 29, 2021 (Docket # 56) ("Pl. Motion"); Defendants'
Memorandum of Law in Opposition to Motion to Amend/Correct Amended Complaint and for
Extension of Time to Complete Discovery, dated July 27, 2021 (Docket # 60) ("Def. Opp.");
Declaration of LaDonna Sandford, dated July 27, 2021 (Docket # 61) ("Sandford Decl."); Letter
Motion to Reopen Discovery from Alex Klein, dated September 15, 2021 (Docket # 67) ("Pl.
Letter"); Letter Response in Opposition to Letter Motion to Reopen Discovery from James
Jimenez, dated September 21, 2021 (Docket # 69) ("Def. Letter").

summary judgment and plaintiff's cross-motion withdrawn and directing plaintiff to brief separately its motion to amend and to re-open discovery (Docket # 54).

Al-Anesi filed such a motion and the defendants filed opposition papers.  (Docket ## 56, 60).  Plaintiff failed to file any reply by the due date, August 25, 2021 (see Docket # 63).  Instead, several weeks later, he filed a letter indicating that he was withdrawing his motion to amend, although he was maintaining his application regarding discovery.  Pl. Letter at 1.

In the application before the Court, Al-Anesi requests that discovery be reopened 1) to permit the depositions of Lieutenant James Reilly and Sergeant Erik Easterbrook and 2) to require that defendants provide an affidavit detailing defendants' unsuccessful search for video footage of the alleged use of excessive force.  Id. at 1-2.  Al-Anesi states that he seeks to depose Lieutenant Reilly and Sergeant Easterbrook "as to the policies and supervision of the Station and the NYPD in general."  Pl. Motion at 8.

Discussion

Fed. R. Civ. P. 16(b)(3)(A) requires district courts to issue a scheduling order that limits the time to complete discovery.  See Rubik's Brand Ltd. v. Flambeau, Inc., 329 F.R.D. 55, 58 (S.D.N.Y. 2019).  After discovery has concluded, a court may reopen discovery upon a showing of "good cause" and "excusable neglect."  See Fed. R. Civ. P. 6(b)(1)(B).  To satisfy this standard, the requesting party "must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met."  Sokol Holdings, Inc. v. BMD Munai, Inc., 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009); see also Baburam v. Fed. Express Corp., 318 F.R.D. 5, 8 (E.D.N.Y. 2016) (A party moving to reopen discovery must show "that it was impossible to complete the discovery by the established deadline.") (citation and internal quotation marks omitted).

Al-Anesi has not shown that he acted diligently in pursuing depositions of Lieutenant Reilly and Sergeant Easterbrook.  Defendants submitted initial disclosures to Al-Anesi on May 20, 2019.  See Sandford Decl, ¶ 1.  Those disclosures identified Lieutenant Reilly as an individual with discoverable information and included the NYPD Threat/Resistance/Injury Report reviewed by Sergeant Easterbrook.  See Defendants' Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A), annexed as Exh. A to Sandford Decl.; TRI Report, annexed as Exh. B to Sandford Decl.  Additionally, plaintiff has not contradicted defendants' assertion that, at the deposition of Officer Maldonado, the officer "testified, at length, about her involvement in the alleged incident involving Plaintiff, as well as Sergeant Easterbrook's and Lieutenant [Reilly]'s roles in the arrest."  Def. Opp. at 7.  Notwithstanding these clear indications of the roles of Lieutenant Reilly and Sergeant Easterbrook, Al-Anesi did not act on these disclosures by deposing these witnesses.

Case law is clear that "[w]here a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the deadline has passed, those requests should be denied."  Gucci America, Inc. v. Guess?, Inc., 790 F. Supp. 2d 136, 140 (S.D.N.Y. 2011); see also Fed. R. Civ. P. 26(b)(2)(C)(ii) (providing that a court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action.").  While Al-Anesi maintains that he "requested the depositions of Reilly and East[er]brook consistently throughout discovery," Pl. Letter at 1, he provides no evidence of

his attempts to do so and defendants have denied that this occurred, Def. Letter at 2.  Moreover, even if Al-Anesi had shown proof that he raised the subject with defendants, it was incumbent on Al-Anesi to bring any dispute to the Court's attention <u>before</u> the discovery period ended – not more than four months later and only in response to a summary judgment motion.  <u>See</u> <u>Owen v. No Parking Today, Inc.</u>, 280 F.R.D. 106, 112 (S.D.N.Y. 2011) ("A party ordinarily must file a motion to compel <u>before</u> the close of discovery and if it fails to do so, the motion will be deemed untimely.").  Al-Anesi never made an application to the Court seeking to compel the depositions of the two witnesses.  While Al-Anesi cites the pandemic and his counsel's lack of office staff as reasons for his failure to conduct the depositions, Pl. Letter at 1, these conclusory assertions do not amount to "good cause" as required by Fed. R. Civ. P. 6(b).  Accordingly, Al-Anesi's request to reopen discovery to obtain the depositions of the two witnesses is denied.

The request to reopen discovery to explore defendants' failure to produce video footage of Al-Anesi's arrest is similarly denied.  Al-Anesi had every opportunity to seek testimony from an individual with knowledge of cameras in the precinct before discovery closed.  Al-Anesi gives no explanation of why he failed to seek such testimony.

In sum, Al-Anesi's application to reopen discovery (Docket # 67) is denied.  Given that the motion for summary judgment and an opposition have already been prepared and filed, the Court will set a short deadline for their resubmission.  Any motion for summary judgment shall be filed on or before October 19, 2021.  Any opposition shall be filed on or before November 2, 2021.  Any reply shall be filed by November 16, 2021.  The parties are reminded to comply with the Court's Individual Practices and in particular the portion of paragraph 2.D requiring that any factual statement in a memorandum of law be accompanied by "a citation to documents in the record."

SO ORDERED.

Dated:  New York, New York
        October 5, 2021

GABRIEL W. GORENSTEIN
United States Magistrate Judge